# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

UNITED STATES OF AMERICA

v.

DAN JEAN HENDERSHOTT
Danny James Hendershott, Jr.
Daniel J. Hendershot

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation of Supervised Release)**

Case Number: 95-cr-00368-ZLW-01
95-cr-00490-ZLW-01
95-cr-00491-ZLW-01
96-cr-00067-ZLW-01

USM Number: 26350-013

Warren R. Williamson, AFPD
(Defendant's Attorney)

**THE DEFENDANT:** Admitted guilt to violations 6 and 7, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 6 | Violation of Law (Robbery in the First Degree) | 07/30/2008 |
| 7 | Violation of Law (Robbery in the Second Degree) | 08/10/2008 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The government has withdrawn Violations 1 through 5.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant’s social security number, residence address and mailing address, shall be withheld from the Court file and retained by the United States Probation Department.

July 8, 2009
Date of Imposition of Judgment

Zita L. Weinshienk
Signature of Judge

Zita L. Weinshienk, U.S. Senior District Judge
Name & Title of Judge

July 15, 2009
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of six (6) months on each of the following cases to be served concurrently: 95-cr-00368, 95-cr-00490, 95-cr-00491, and 96-cr-00067. The imprisonment imposed by this judgment shall run consecutively to the undischarged state sentences of imprisonment imposed in Marian County District Court in 08-C-46483 and 08-C-48335.

The Court recommends that the Bureau of Prisons place the defendant at the Sheridan facility, or other federal facility in the Northwest area, to serve his federal sentence.

It is the Court's intention that Defendant be returned to Oregon as soon as practicable taking into consideration the fact that the he has matters remaining in Colorado.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_______________________________________________________________________________

_______________________________________________________________________________

_______________________________________________________________________________

________________________________

Defendant delivered on ____________________ to ____________________________________

at ___________________________, with a certified copy of this judgment.

_______________________________________
UNITED STATES MARSHAL

By_____________________________________
Deputy United States Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of thirty (30) months on each of the following cases to be served concurrently: 95-cr-00368, 95-cr-0490, 95-cr-00491, and 96-cr-00067.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this Court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the Court or probation officer.
2) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until he is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2) The defendant shall reside in a community corrections center for a period of 180 days, to commence as directed by the probation officer, and shall observe the rules of that facility.

3) The defendant shall ingest monitored Antabuse unless it is medically contraindicated.

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Case No. | Assessment | Fine | Restitution |
|---|---|---|---|
| 95-cr-00368 | $0.00 | $0.00 | $1,111.00 |
| 95-cr-00490 | $0.00 | $0.00 | $2,103.00 |
| 95-cr-00491 | $0.00 | $0.00 | $1,783.00 |
| 96-cr-00067 | $0.00 | $0.00 | $950.00 |
| **TOTALS** | $0.00 | $0.00 | $5,947.00 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below. If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Colorado National Bank | $1,111.00 | $1,111.00 | |
| Pronet Tracking Systems | $2,103.00 | $2,103.00 | |
| First Interstate Bank of Oregon | $1,783.00 | $1,783.00 | |
| Norwest Bank | $950.00 | $950.00 | |
| **TOTALS** | $5,947.00 | $5,947.00 | |

The defendant must pay interest on any restitution or fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options set forth below may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

**SCHEDULE OF PAYMENTS**

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The defendant shall pay the balance of any outstanding fine or restitution.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court, unless otherwise directed by the Court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) special assessment, (2) restitution principal, (3) restitution interest, (4) penalties.